UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALEXANDER CORREDOR, individually
and on behalf of all others similarly situated,

                      Plaintiff,

    -against-                                    24 Civ. 9253 (CM)

ASP IOTOPES INC., PAUL E. MANN,
and HEATHER KIESSLING,

                      Defendants.

-------------------------------------------------------------X

## DECISION AND ORDER APPOINTING LEAD PLAINTIFF AND COUNSEL AND SETTING SCHEDULE FOR AMENDING COMPLAINT AND MOTIONS

McMahon, J.:

    Four claimants have filed timely motion for appointment as lead plaintiff and lead counsel in this putative class action alleging violations of the federal securities laws. The court grants the motion of Mark Leone to be named lead plaintiff and appoints his chosen law firm, Glancy Prongay & Murray LLP, as lead counsel. However, the court does NOT approve the appointment of The Law Offices of Frank R. Cruz as "Additional Counsel."

    Pursuant to the PSLRA, the court is required to appoint the "most adequate plaintiff" to represent the putative class in a securities fraud class action. 15 U.S.C. § 78u-4(a)(3)(B). The presumptive "most adequate" plaintiff is the plaintiff who has suffered the largest loss allegedly as a result of the securities frauds that underlie these four identical lawsuits. Assuming that person satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, he will win the day, unless someone else satisfactorily rebuts the presumption, by showing that the presumptive lead plaintiff will in fact not adequately represent the interests of the class.

    In this case. Mark Leone has by far the greatest financial loss, by a ten times order of magnitude. His putative loss of $208,050 in connection with the purchase and sale of 120,000 shares of ASP Isotopes vastly exceeds the next highest proposed lead plaintiff, whose LIFO loss is estimated at 20,305. Bowing to the inevitable, all three competing claimants – Tony Cheng, Jeremiah Hill and Robert Jennis – have withdrawn their motions. See Dockets ## 16, 17 and 18. Mr. Leone is, therefore, appointed lead plaintiff. An amended Class Action Complaint shall be filed within 21 days of today's date, with Mr. Leone's name in the caption.

Mr. Leone has chosen the law firm of Glancy, Prongay & Murray LLP to represent him. That firm – and that firm alone – has moved for appointment as lead class counsel. There is no mention in the *text* of the motion papers of any other firm or attorney, and the only resume attached to the moving papers is the resume of Glancy, Prongay & Murray. However, I see in the attorney signature box at the end of the documents filed on behalf of Mr. Leone a reference to "The Law Offices of Frank R. Cruz." Let me make this perfectly clear: the Law Offices of Frank R. Cruz are not appointed by the court as Lead Counsel or as Co-Lead Counsel, and in connection with any fee award or settlement of this case, the court will only compensate for work performed by lawyers from the that has been officially appointed as Lead Counsel. The Glancy Firm is one with which I have not yet worked, but it has not gotten off to a good start with me by not making explicit in its moving papers that it was proposing to work with co-counsel – I doubt it expected me to peruse the signature blocks on its moving papers. As the securities Bar is well aware, the proliferation of attorneys' fees in securities fraud class actions is an issue about which this court feels strongly. At the present time, I see absolutely no reason to appoint anyone other than the one and only firm that moved for Lead Counsel status.

Now that we have the technicalities out of the way, I set the following schedule, which the parties are not free to vary by agreement:

| | |
|---|---|
| Filing of Amended Consolidated Class Action Complaint: | May 27, 2025 |
| Motion to Dismiss (if one is to be made) | June 27, 2025 |
| Motion for Class Certification | June 27, 2025 |
| Response to Motion to Dismiss | July 25, 2025 |
| Completion Date for Class Plaintiff EBT | July 11, 2025 |
| Response to Motion for Class Certification | July 7, 2025 |
| Reply on Motion to Dismiss | August 15, 2025 |
| Reply on Motion for Class Certification | August 15, 2025 |

I strongly advise Lead Counsel to read recent decisions of this court on motions to dismiss securities fraud class action complaints; you may find it educational.

This constitutes the decision and order of the court. It is a written decision. The Clerk of Court is directed to amend the caption in this case on ECF by dropping the name of Alexander Corredor as Named Plaintiff and substituting the name of Mark Leone as the Named Plaintiff representing himself and the putative class. The Clerk should also remove the motions as Dockets ## 5, 8, 10 and 13 from the court's list of open motions.

Dated: May 2, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL