UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>    v. <br><br> ASP ISOTOPES INC. and PAUL E. MANN, <br><br>      Defendants. | Case No. 1:24-cv-09253-CM |

**ANSWER OF DEFENDANTS ASP ISOTOPES INC., PAUL E. MANN,
AND HEATHER KIESSLING TO THE AMENDED CLASS ACTION COMPLAINT**

Defendants ASP Isotopes Inc. ("ASPI" or "the Company") and Paul E. Mann (collectively, "Defendants") provide the following Answer, and assert the below Specific Defenses, to Plaintiffs' Amended Class Action Complaint (ECF No. 28) (the "Amended Complaint").[1] Except as expressly admitted herein, Defendants deny all allegations in this Amended Complaint. All headings are deemed to be generally descriptive, conclusory, or argumentative and are therefore denied.

1.     Defendants admit that Plaintiffs purport to bring a federal securities class action on behalf of themselves and all persons or entities who purchased or otherwise acquired common stock of the Company during the period between September 26, 2024 and November 26, 2024, inclusive (the "Class Period"). Defendants deny that any such persons or entities were damaged, that Plaintiffs are entitled to the relief sought. Defendants deny any remaining allegations in this paragraph.

---

[1] Plaintiffs' claims against Heather Kiessling were dismissed by the Court in its December 4, 2025, Opinion and Order (ECF No. 57).

2.      Defendants deny this allegation as stated.  Defendants admit that the Company is based in South Africa, listed on the Nasdaq stock exchange, and its business centers on isotope enrichment.  Defendants deny any remaining allegations in this paragraph.

3.      Defendants deny this allegation as stated.  Defendants admit that Paul Mann spoke on a September 26, 2024, ASPI conference call.  To the extent this allegation is based on a transcript of that conference call or other documents or statements made by Defendants, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

4.      Defendants deny this allegation as stated.  Defendants admit in October 2024, ASPI published press releases.  Defendants admit that the Company made SEC filing(s) from which this paragraph appears to characterize and quote from.  To the extent this allegation based on SEC filings and press releases, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  This paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves.  Defendants deny any remaining allegations in this paragraph.

5.      Defendants deny this allegation as stated.  This paragraph purports to quote from and characterize the Fuzzy Panda Report.  That document speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  This paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves.  Defendants admit that Paul Mann spoke in a November 27, 2024, interview.  To the extent this allegation is based on a transcript of that interview or other documents or statements made by Defendants, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

2

6. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

7. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

8. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

9. Defendants deny this allegation as stated. Defendants admit that the Company is listed on the Nasdaq stock exchange, which is headquartered in this Judicial District. This paragraph purports to quote from and characterize a publicly available third-party website. That website speaks for itself, and Defendants deny Plaintiffs' characterization thereof. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

10. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

11. With respect to the Mark Leone's alleged stock purchases, Defendants lack knowledge and information sufficient to form a belief as to their truth and therefore deny them. Defendants deny they violated any federal securities laws and deny that Mark Leone suffered any damages as a result. To the extent allegations related to stock purchases are based on a court filing by the Plaintiffs, that is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof. To the extent this allegation expresses conclusions of law, no response is required; Defendants therefore deny it. Defendants admit that, on May 2, 2025, the Court appointed Mark Leone as Lead Plaintiff for the Class. Defendants deny any remaining allegations in this paragraph.

12.     With respect to Alexander Corredor's alleged stock purchases, Defendants lack knowledge and information sufficient to form a belief as to their truth and therefore deny them. Defendants deny they violated any federal securities laws and deny Alexander Corredor suffered any damages as a result. To the extent allegations related to stock purchases are based on a court filing by the Plaintiffs, that is a document that speaks for itself; Defendants deny Alexander Corredor's characterization thereof. To the extent this allegation expresses conclusions of law, no response is required; Defendants therefore deny it. Defendants admit that, on December 4, 2024, Alexander Corredor filed the initial complaint in this action. Defendants deny any remaining allegations in this paragraph.

13.     With respect to Ivan Agapchev's alleged stock purchases, Defendants lack knowledge and information sufficient to form a belief as to their truth and therefore deny them. Defendants deny they violated any federal securities laws and deny Ivan Agapchev suffered any damages as a result. To the extent allegations related to stock purchases are based on a court filing by the Plaintiffs, that is a document that speaks for itself; Defendants deny Ivan Agapchev's characterization thereof. To the extent this allegation expresses conclusions of law, no response is required; Defendants therefore deny it. Defendants deny any remaining allegations in this paragraph.

14.     Defendants admit that ASPI is incorporated in Delaware, and that its principal executive offices in the U.S. are located at 601 Pennsylvania Avenue NW, South Building, Suite 900, Washington, DC, that ASPI's common stock is listed and trades on the Nasdaq under the ticker symbol "ASPI" and that it has operations and personnel located in South Africa. Defendants admit that ASPI made SEC filing(s), and that Paul Mann made statements that this paragraph

4

appears to characterize and quote from. Those documents speak for themselves, and Plaintiffs' characterization thereof is denied. Defendants deny any remaining allegations in this paragraph.

15. This paragraph characterizes and quotes from various publicly available documents including an "ASPI investor presentation," a "LinkedIn profile," ASPI's 2024 proxy statement and an employment agreement. Those documents speak for themselves, and Plaintiffs' characterization thereof is denied. Defendants deny any remaining allegations in this paragraph.

16. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

17. Admitted.

18. Defendants admit the general scientific principles contained in this paragraph but lack knowledge and information as to their source accuracy.

19. Defendants admit the general scientific principles contained in this paragraph but lack knowledge and information as to their source accuracy.

20. Defendants admit the general scientific principles contained in this paragraph but lack knowledge and information as to their source accuracy.

21. Defendants admit that the commercial market for uranium enrichment includes Rosatom (owned by the Russian government); Orano SA (majority owned by the French government); Urenco (majority owned by the Dutch and British governments), and the China National Nuclear Corporation, or CNNC. This paragraph appears to characterize publicly available information concerning the commercial market for uranium enrichment, which information speaks for itself, and Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

22.     This paragraph purports to quote from and characterize statements by a non-party, Centrus Energy Corp.  Those statements speak for themselves, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny all remaining allegations in this paragraph.

23.     Defendants admit that ASPI is incorporated in Delaware.  The allegations in this paragraph are based on statements made in public filing(s) which are documents that speak for themselves, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

24.     Defendants admit that as stated in ASPI's SEC filings, ASPI acquired the assets of Molybdos (Pty) Limited in a "business rescue" auction.  Defendants admit that this paragraph purports to quote from and characterize information about the "business rescue" auction and about Klydon.  That information speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments about a forensic accountant and a Klydon investor, whose identities, credibility, reliability, and accuracy have not been established, and therefore deny them.  Defendants deny any remaining allegations in this paragraph.

25.     Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize.  Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

26.     Admitted.

27.     Defendants admit that ASPI made SEC filing(s) containing information that this paragraph appears to characterize.  Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof.  Defendants admit that this paragraph refers to a contract, to

"arrangements" and to other documents that speak for themselves, and Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

28.    Admitted.

29.    Defendants deny this allegation as stated. To the extent the allegations in this paragraph purport to be from anonymous "ASPI Employee 1" and "Former Klydon Employee 1" whose identities, credibility, reliability, and accuracy have not been established, Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them. Defendants deny all remaining allegations. Defendants deny any remaining allegations in this paragraph.

30.    Defendants admit employees' approximate dates of employment and titles. Defendants deny any remaining allegations in this paragraph.

31.    Admitted.

32.    Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize. Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

33.    Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize and quote. Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

34.    Admitted.

35.    Admitted.

36.     Defendants admit that ASPI has paid RedChip and Emerging Growth.   This allegations in this paragraph are based on information from those third-parties' websites which speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

37.     Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize.  Those documents speak for themselves and Defendants deny Plaintiffs' characterization thereof.   Defendants deny any remaining allegations in this paragraph.

38.     Defendants admits the numbers of employees reported in its SEC filings but denies Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

39.     Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize.  Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof.   Defendants deny any remaining allegations in this paragraph.

40.     Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize.  Defendants admit that Plaintiffs attach an ASPI investor presentation as Exhibit 4.  Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof.   Defendants deny any remaining allegations in this paragraph.

41.     Defendants admit this paragraph purports to characterize and quote the investor presentation attached to the Complaint as Exhibit 4.  That presentation is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

8

42.     Defendants admit that Paul Mann spoke on a September 26, 2024, ASPI conference call.  To the extent this allegation is based on a transcript of that conference call or other documents or statements made by Defendants, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

43.     Defendants admit that Paul Mann spoke on a September 26, 2024, ASPI conference call.  To the extent this allegation is based on a transcript of that conference call or other documents or statements made by Defendants, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

44.     Defendants admit that ASPI issued a September 28, 2023 press release.  That press release is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

45.     Admitted that the slide is a part of the alleged presentation that is a document that speaks for itself. Defendants deny Plaintiffs' characterization thereof and refer to the entire presentation for a complete statement of its content and the alleged excerpt in context.

46.     Admitted that the quoted excerpt is from a September 26, 2024 conference call and refer to the entire conference call for a complete statement of its content and the alleged excerpt in context.

47.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

48.     The allegations in this paragraph purport to be from anonymous "Former Klydon Employee 1" whose identity, credibility, reliability, and accuracy have not been established,

Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them. Defendants deny any remaining allegations in this paragraph.

49.    The allegations in this paragraph purport to be from anonymous "Former ASPI Employee 1" whose identity, credibility, reliability, and accuracy have not been established, Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them. Defendants deny any remaining allegations in this paragraph.

50.    Defendants admit that Paul Mann participated in a November 27, 2024, interview with Canaccord Genuity analyst George Gianarikas and addressed the claims made in the Fuzzy Panda Research Report published the previous day. Defendants deny any remaining allegations in this paragraph. Defendants incorporate their responses to paragraphs 103-122.

51.    This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

52.    This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

53.    Denied.

54.    Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize. Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

55.     Defendants admit that this paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves.  Defendants deny Plaintiffs' characterizations of ASPI's share price and any remaining allegations in this paragraph.

56.     Defendants admit that ASPI made SEC filing(s) and public statements containing information that this paragraph appears to characterize.  Those documents speak for themselves, and Defendants deny Plaintiffs' characterization thereof.  Defendants admit that ASPI had a public offering on November 4, 2024 that sold 2,754,250 shares of common stock at a price of $6.75 per share, raising gross proceeds of $18.6 million.  Defendants deny Plaintiffs' characterization of this offering.  Defendants deny any remaining allegations in this paragraph.

57.     Denied.

58.     Defendants admit that ASPI filed with the SEC a Form 8-K on September 26, 2024 and that Paul Mann spoke on a September 26, 2024 conference call.  The SEC filing (including an exhibit to the filing) and a transcript of the conference call or other documents or statements made by Defendants are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

59.     The allegations in this paragraph are based on a presentation and transcript which are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

60.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

61.     The allegations in this paragraph are based on a presentation and transcript which are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

62.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

63.     The presentation referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

64.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

65.     The presentation referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

66.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

67.     The presentation referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

68.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

69.     Defendants admit on October 17, 2024, ASPI published a press release and filed a copy of the press release with the SEC as an exhibit to a Form 8-K.  The press release and SEC filing are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

70.    The press release referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

71.    The press release referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

72.    This paragraph is based on ASPI's publicly available share prices, which speak for themselves.  Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

73.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

74.    Defendants admit on October 30, 2024, ASPI published a press release and filed a copy of the press release with the SEC as an exhibit to a Form 8-K.  The press release and SEC filing are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

75.    The press release referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

76.    The press release referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

77.    The press release referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

78.    The press release referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

79.    This paragraph contains legal conclusion to which no response is required.  To the extent this paragraph purports to summarize ASPI's publicly available share prices, that information speaks for itself.  Defendants deny Plaintiffs' characterization thereof and any remaining allegations in this paragraph.

80.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

81.    Defendants admit that Paul Mann spoke on an October 30, 2024, conference call. To the extent this allegation is based on a transcript of that conference call or other documents or statements made by Defendants, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny the legal conclusions contained in this paragraph.  Defendants deny any remaining allegations in this paragraph.

82.    The transcript referenced in this paragraph is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

83.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

14

84.     Defendants admit that Viktor Petkov participated in a November 19, 2024 interview.  To the extent this allegation is based on an article of that interview, a LinkedIn profile, ASPI's website or other documents or statements made by Defendants, those are documents that speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

85.     The November 19, 2024, interview is in a document that speaks for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

86.     The November 19, 2024, interview is in a document that speaks for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

87.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

88.     Defendants admit that ASPI has an account on X (@ASPIsotopes).  Defendants admit that on November 25, 2024, ASPI made a posting from its account on X.  That posting is a document that speaks for themselves; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

89.     Defendants admit that ASPI published an investor presentation to its website.  The investor presentation is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

90.     This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

91.     This paragraph purports to state legal conclusions to which no response is required. This paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves; Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

92.     Defendants admit that on November 26, 2024 Fuzzy Panda Research published online a report titled "ASP Isotopes (ASPI): Failed Tech + Paid Stock Promotion + "Microcap Fraudsters" (Honig &Stetson) = Nuclear Meltdown." Defendants admit that a copy of this report is attached as Exhibit 5.  That report is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations in this paragraph.

93.     The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations.

94.     The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  To the extent the allegations in this paragraph purport to be statements from an anonymous former employee of a third-party whose identity, credibility, reliability, and accuracy has not been established, Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them.  Defendants deny any remaining allegations.

95.     The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  To the extent the allegations in this paragraph purport to be statements from an anonymous employee of a third party whose identity, credibility, reliability, and accuracy have not been established, Defendants lack

16

knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them.  Defendants deny any remaining allegations.

96.    The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  To the extent the allegations in this paragraph purport to be statements from an anonymous employee of a third party whose identity, credibility, reliability, and accuracy have not been established, Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them.  Defendants deny any remaining allegations.

97.    The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations.

98.    The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  To the extent the allegations in this paragraph purport to be statements from an anonymous employee of a third party whose identity, credibility, reliability, and accuracy have not been established, Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them.  Defendants deny any remaining allegations.

99.    The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  Defendants deny any remaining allegations.

100.    The Fuzzy Panda Report referenced in this paragraph is a document that speaks for itself, and Defendants deny Plaintiffs' characterization thereof.  To the extent the allegations in this paragraph purport to be statements from an employee of a third party whose credibility,

17

reliability, and accuracy have not been established, Defendants lack knowledge and information sufficient to form a belief as to the truth of those averments and therefore deny them. Defendants deny any remaining allegations.

101. Defendants admit on November 26, 2024, ASPI issued a press release. That document speaks for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

102. This paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

103. Defendants admit that Paul Mann participated in a November 27, 2024, interview with Canaccord Genuity analyst George Gianarikas. The allegations in this paragraph are based on a transcript of that interview which is a document that speaks for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

104. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

105. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

106. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

107. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

108. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

109. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

110. This paragraph is based on a transcript of a November 27, 2024 Cannacord interview which is a document that speak for itself; Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

111. Denied.

112. This paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves. Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

113. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

114. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

115. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

116. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

117. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

118. Defendants admit that the Fuzzy Panda Report was published on November 26, 2024 and that Paul Mann participated in a November 27, 2024, interview with Canaccord Genuity analyst George Gianarikas. This paragraph purports to summarize ASPI's publicly available share prices, which speak for themselves. Defendants deny Plaintiffs' characterization thereof. Defendants deny any remaining allegations in this paragraph.

119. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

120. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

121. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

122. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was

proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

123. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

124. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

125. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

126. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

127. Defendants admit that on December 4, 2025, the Court certified a class in this matter. Defendants respectfully disagree with the Court's conclusion that class certification was proper. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

128.    Defendants admit that on December 4, 2025, the Court certified a class in this matter.  Defendants respectfully disagree with the Court's conclusion that class certification was proper.  This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

129.    Defendants admit that on December 4, 2025, the Court certified a class in this matter.  Defendants respectfully disagree with the Court's conclusion that class certification was proper.  This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

130.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

131.    Defendants repeat and re-allege each and every response to Plaintiffs' allegations contained above as if fully set forth herein.

132.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

133.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

134.    Defendants repeat and re-allege each and every response to Plaintiffs' allegations contained above as if fully set forth herein.

135.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

136.    This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

22

137. This paragraph purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in this paragraph.

Defendants admit that Plaintiffs demand a trial by jury and seek relief and judgment, including awards of damages and costs and expenses including attorneys' fees. Defendants deny that there has been any violation of the federal securities law as Plaintiffs claim and deny that Plaintiffs are entitled to the relief they seek.

### AFFIRMATIVE AND OTHER DEFENSES

Except as otherwise expressly stated in Paragraphs 1 through 137, Defendants deny each and every allegation of wrongdoing contained in Paragraphs 1 through 137 of the Amended Complaint, including, without limitation, tables of contents, headings, subheadings, footnotes, and appendices contained in the Amended Complaint, and specifically deny liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Defendants are responsible.

Defendants offer the following affirmative and other defenses in response to the allegations set forth in the Amended Complaint. Defendants expressly reserve the right to supplement, amend, or withdraw any or all of the following defenses, as warranted by discovery or other investigation or as justice may require. The statement of any defense does not assume the burden of proof on any issues as to which applicable law places the burden on Plaintiff. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive of another defense asserted herein or to be asserted in the future, such defenses are asserted in the alternative to one another.

### SPECIFIC DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

23

2. The Amended Complaint fails adequately to plead any of the alleged underlying conduct which Plaintiffs claim gives rise to liability under the securities laws.

3. The Amended Complaint fails to plead fraud with particularity as required by Federal Rules of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1) and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiffs complain.

4. Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact and complied with all applicable disclosure requirements.

5. Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking statements and protected by the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

6. Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misrepresentation or omission and did not act with actual knowledge as to the falsity of any alleged misrepresentation or omission.

7. Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and, in the exercise of reasonable care, could not have known of the purported untruths, misrepresentations, and/or omissions alleged in the Amended Complaint.

8. This action may not be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

24

10.     Defendants are not liable because any wrongdoing alleged in the Amended Complaint lacks a sufficient connection to the purchase or sale of ASPI securities.

11.     Defendants are not liable because some or all of the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiffs, were known or should have been known to Plaintiffs, and/or, to the extent Plaintiffs are able to demonstrate that the market for ASPI securities was efficient, were at all times reflected in the market price of ASPI securities.

12.     Defendants are not liable because the challenged statements or omissions were immaterial puffery, vague and indefinite statements of optimism, matters of opinion or soft opinion, and/or otherwise not material to Plaintiffs' investment decisions.

13.     Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Amended Complaint did not have any impact on the market price of ASPI securities.

14.     Defendants are not liable because Plaintiffs have not pleaded the required connection between the challenged statements and the alleged loss, and any losses suffered by Plaintiffs were not causally related to the misstatements and omissions alleged by Plaintiffs.

15.     Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Amended Complaint in deciding to purchase ASPI securities.

16.     Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiffs are otherwise unable to establish that Plaintiffs relied upon the purported misstatements and omissions alleged in the Amended Complaint.

25

17.     Plaintiffs cannot recover against Defendants because Plaintiffs are unable to establish that the purported misrepresentations and omissions alleged in the Amended Complaint were the cause of Plaintiffs' decisions to purchase or sell ASPI securities.

18.     Plaintiffs cannot recover against Defendants because Defendants were under no duty to disclose any of the facts or conduct alleged in the Amended Complaint.

19.     Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between the alleged statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

20.     Defendants are not liable because to the extent that Plaintiffs has been damaged, if at all, their failure to mitigate its damages bars recovery.

21.     Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the federal securities laws to reflect only Defendants' percentage of responsibility, if any.

22.     To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

23.     Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

24.     Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any alleged wrongdoing.

25.     Defendants are not liable because Plaintiffs do not have standing.

26.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have incurred no legally cognizable injury or damages.

27.     Defendants deny that Plaintiffs are entitled to recovery of attorneys' fees, costs, or expenses.

28.     Plaintiffs' claims are barred, in whole or in part, because none of Defendants' purported misrepresentations were "so incomplete as to mislead."

January 15, 2026                                    **MORGAN, LEWIS & BOCKIUS LLP**

                                                   By: */s/ Laura Hughes McNally*
                                                   Laura Hughes McNally
                                                   Karen Pieslak Pohlmann
                                                   2222 Market Street
                                                   Philadelphia, PA  19103-3007
                                                   Tel:    +1.215.963.5000
                                                   Fax:    +1.215.963.5001
                                                   laura.mcnally@morganlewis.com
                                                   karen.pohlmann@morganlewis.com

                                                   Michael D.  Blanchard
                                                   Christopher M.  Wasil
                                                   One State Street
                                                   Hartford, CT  06103-3178
                                                   Tel:    +1.860.240.2700
                                                   Fax:    +1.860.240.2701
                                                   michael.blanchard@morganlewis.com
                                                   christopher.wasil@morganlewis.com

                                                   Brian A.  Herman
                                                   101 Park Avenue
                                                   New York, NY  10178-0060
                                                   Tel:    +1.212.309.6000
                                                   Fax:    +1.212.309.6001
                                                   brian.herman@morganlewis.com

                                                   *Attorneys for Defendants*
                                                   ASP Isotopes Inc. and Paul E.  Mann

27