## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated, <br><br>        Plaintiff, <br><br>        v. <br><br> ASP ISOTOPES INC., PAUL E. MANN, and HEATHER KIESSLING, <br><br>        Defendants. | Case No. 1:24-cv-09253-CM |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 2/5/2026

### STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER

The parties to this Stipulated Confidentiality Order ("Order") are engaged in proprietary activities, and could be harmed if certain non-public personal, business, or other sensitive confidential information or documents were disclosed publicly. The parties have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **The Court's Confidentiality Order Addendum.** Pursuant to Section VI of the Individual Practices and Procedures of the Honorable Colleen McMahon, the parties understand and agree that:

> the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

> It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

> The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one

or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

2.    **Scope.** All materials produced or adduced in the course of discovery, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material given or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Southern District of New York and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.    **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party, as described below.

a.    Any producing party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains non-public, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order. This includes, but is not limited to, material that falls within one or more of the following categories: (a) information that reveals trade secrets; (b) research, technical, commercial or financial information that the party has maintained as confidential, including personal financial information such as trading records; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or

2

employment records or portions thereof that reveal private information. Information or documents that are available to the public should not be designated as Confidential Information.

b.      Any producing party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any information which would qualify as "CONFIDENTIAL" and which is highly-sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the producing party.

4.      **Designation.**

a.      Each party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material and on all copies in a manner that will not interfere with the legibility of the document. For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the Confidential Information. To avoid undue burden and expense, the designating party may choose to designate as Confidential or Highly Confidential an entire document or family of documents, deposition, transcript, or other material that contains Confidential Information. For information produced in some form other than documentary and for any other tangible items, the producing party may designate the item as containing Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.      The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying a confidentiality designation to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

c.      The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Order.

5.      **Depositions.** All depositions and other pretrial testimony shall be treated as Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph. Depositions and other pre-trial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness. Counsel for the person being deposed shall, within thirty (30) days after the receiving the deposition transcript, designate those portions of the transcript which contain testimony containing Confidential Information, which shall be protected by the terms of this Order. The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such

4

deposition or testimony, without further order of the Court.

The court reporter must affix on each page containing protected material the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

To the extent that testimony is sought concerning Confidential Information during any deposition or in any other pre-trial venue, any party may exclude any person from the deposition or other venue during such testimony if the Confidential Information may not be disclosed to such person under the terms of this Order.

6.    **Protection of Confidential Material.**

a.    **General Protections.** Confidential Information and information derived therefrom shall be used solely for purposes of this litigation, including any appeal thereof, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

b.    **Limited Third-Party Disclosures for "CONFIDENTIAL" Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (i)-(xii). Every person to whom such Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL" only to the extent reasonably necessary:

i.    **Counsel.** Counsel for the parties and employees (and/or

5

independent contractors) of counsel who have responsibility for the action;

ii.    **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. Confidential Information designated as "CONFIDENTIAL" may be disclosed to any named plaintiff or Class representative. To the extent counsel determines in good faith that such disclosure is reasonably necessary, Confidential Information designated as "CONFIDENTIAL" may be disclosed to a member of the certified Class other than a named plaintiff or Class representative;

iii.    The Court and its personnel;

iv.    A court of competent jurisdiction in a proceeding by a party made in connection with this action (*e.g.*, a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits same under seal.

v.    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

vi.    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vii.    **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation, litigation, and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

viii.    **Witnesses at Depositions.** During their depositions, witnesses, and

attorneys for witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

       **ix.**    **Author or Recipient.** Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information;

       **x.**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered;

       **xi.**    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

       **xii.**    Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed Attachment A, Acknowledgment and Agreement to Be Bound.

       **c.**    **Limited Third-Party Disclosures for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.** Counsel for the parties may only disclose or permit the disclosure of Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to those third persons or entities set forth in subparagraphs 6(b)(i), (iii)-(vii), (ix)-(xi). Every person to whom such Confidential Information is disclosed,

7

summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order.

d.      This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Confidential Information for any purpose. Nothing in this Order shall prevent a producing party from disclosing its own Confidential Information.

e.      **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document. A producing party may designate as Confidential Information any discovery material that has already been produced, including discovery material that the producing party inadvertently failed to designate as Confidential Information, by notifying in writing the party to whom the production has been made that the material constitutes Confidential Information. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation (whether "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. The receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information. No party shall be found to have violated this Order for failing to maintain the confidentiality of

8

Case 1:24-cv-09253-CM    Document 67    Filed 02/05/26    Page 9 of 18

material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      **Filing of Confidential Information.**  All Confidential Information shall be filed with the Court only to the extent necessary to establish a claim or defense or support a motion or opposition.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures for filing under seal set forth in the Local Rules and ECF Rules of this District, and the Court's Individual Practices and Procedures.  Where a party seeks to file a document designated as Confidential Information, the party shall file a motion with the Court seeking to maintain such Confidential Information under seal.

8.      **Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information under the terms of this order applicable to documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  The following procedure shall apply to any such challenge.

a.      **Meet and Confer.**  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party

an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

        **b.**      **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of production and persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

        **9.**      **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made consistent with the Court's Individual Practices and Procedures. Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as Confidential Information. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

        **10.**      **Use of Confidential Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*. The Court

Case 1:24-cv-09253-CM   Document 67   Filed 02/05/26   Page 11 of 18

may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.   **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a.   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.   The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.   The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.

d.   The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. Compliance by a receiving party with a court order directing production will not constitute a violation of this Order. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

12.    **Inadvertent Disclosure of Privileged Material.** In accordance with Federal Rule of Evidence 502(d), the disclosure of any document or information subject to an applicable privilege shall not be deemed to waive – in this action or in any other federal or state proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

a.    Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

b.    The receiving party shall (i) refrain from disclosure of the inadvertently produced material and refrain from examining the materials, (ii) within three business days, return to the producing party, sequester or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court. Within seven business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials. The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information are in fact privileged or entitled to protections of immunity.

c.    The return of any discovery material to the producing party shall not in any

12

way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged. The receiving party, however, cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion. The producing party shall provide the Court with a copy of any such documents under seal or *in camera* promptly after the receiving party files a motion challenging the assertion of privilege. Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. The producing party must preserve the information until the claim is resolved.

d.    If any information, document, or thing has been offered at a deposition, or as an exhibit to a dispositive motion or opposition to a dispositive motion and the producing party claims that such information, document, or thing was inadvertently produced and is protected by privilege or work-product immunity, the producing party, within seven (7) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the inadvertently disclosed material and simultaneously produce to all parties a privilege log specifically identifying the inadvertently disclosed material and a basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue. If, after the parties meet and confer, they cannot reach agreement, the producing party shall, within seven (7) business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise. Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved. Nothing in this Order shall alter or infringe the right

Case 1:24-cv-09253-CM    Document 67    Filed 02/05/26    Page 14 of 18

of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. If the inadvertently disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

13.    **Obligations on Conclusion of Litigation.**

a.    **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.    **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶4(b), shall be destroyed or returned to the producing party unless the document has been offered into evidence or filed without restriction as to disclosure. The Court is not obligated to return or destroy any exhibits or documents that have been made part of the record.

c.    **Retention of Work Product and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) all documents filed with the Court including those filed under seal, provided

that such counsel maintain the confidentiality thereof. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

14.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.    **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

17.    **Compliance with Nuclear Technology Laws.** Nothing in this Order shall be read to require or allow the collection, review or production of information which contains or reflects any information the disclosure of which is prohibited by any order, statute, rule, regulation, or law, including but not limited to domestic and international statutes, rules, regulations, laws and treaties governing nuclear technology, including but not limited to 42 U.S.C. §§ 2014(y), 2163, 2165; 10 C.F.R . §§ 810.3, 810(c)(1); Nuclear Energy Act 46 of 199 (S. Afr.); or the Treaty on the Non-Proliferation of Nuclear Weapons. The Parties reserve all rights to argue that these or other legal authorities do or do not prohibit the collection, review or production of any information that may

15

Case 1:24-cv-09253-CM    Document 67    Filed 02/05/26    Page 16 of 18

be at issue in this action. The Parties shall meet and confer if any such dispute arises.

18.     **Compliance with Foreign Data Protection Laws.** To the extent information subject to foreign data protection laws, including but not limited to South Africa's Protection of Personal Information Act ("POPIA"), is sought in discovery, the Parties shall meet and confer regarding the production, if any, of such information. The Parties reserve all rights to argue that POPIA or other foreign data protection laws do or do not apply to, or limit disclosure of, any information that may be at issue in this action.

DATED: February 5, 2026

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By: */s/ Garth Spencer*
Garth Spencer (GS-7623)
Robert V. Prongay
John C. Roberts (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: gspencer@glancylaw.com
rprongay@glancylaw.com
jroberts@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

*Counsel for Plaintiff Mark Leone and the Class*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Laura Hughes McNally*
Laura Hughes McNally
Karen Pieslak Pohlmann
2222 Market Street
Philadelphia, PA 19103
(215) 963-5000
laura.mcnally@morganlewis.com
karen.pohlmann@morganlewis.com

Michael D. Blanchard
Christopher M. Wasil
One State Street Hartford, CT 06103
(860) 240-2700
michael.blanchard@morganlewis.com
christopher.wasil@morganlewis.com

Brian A. Herman
101 Park Avenue
New York, NY 10178
(212) 309-6000
brian.herman@morganlewis.com

*Attorneys for Defendants ASP Isotopes Inc. and Paul E. Mann*

SO ORDERED:

_____
Hon. Colleen McMahon
U.S. District Judge

2/5/2026

17

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ASP ISOTOPES INC., PAUL E. MANN, and HEATHER KIESSLING, <br><br> Defendants. | Case No. 1:24-cv-09253-CM |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ ____, 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name (print):_____    Job Title: _____

Signature:_____    Employer: _____

Date:_____    Business Address: _____

_____

_____

_____