# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ASP ISOTOPES INC., PAUL E. MANN, and HEATHER KIESSLING,<br><br>        Defendants. | Case No. 1:24-cv-09253-CM |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Mark Leone, by and through his undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, hereby propounds the following Interrogatories to Defendants (defined below). Defendants shall serve their response on Plaintiff's undersigned counsel by January 30, 2026. Defendants shall respond to the Interrogatories pursuant to the following definitions and instructions. Additionally, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories shall be deemed to be continuing, and if Defendants discover additional information responsive to these Interrogatories, Defendants shall promptly provide supplemental responses to Plaintiff.

## DEFINITIONS

The definitions and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and corresponding Local Civil Rules are hereby incorporated and shall apply

to the Interrogatories. These definitions shall apply throughout without regard to capitalization. As used in the Interrogatories, the terms identified below are defined as follows:

1.      "Action" refers to the above-captioned case, *Leone v. ASP Isotopes Inc.*, Case No. 1:24-cv-09253-CM (S.D.N.Y.).

2.      "All," "Any," and "Each" shall each be construed as encompassing any and all.

3.      "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      "ASPI" or the "Company" means Defendant ASP Isotopes Inc., and, where applicable, ASPI's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd.

5.      "Class Period" means and refers to the period between September 26, 2024 and November 26, 2024, inclusive.

6.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      "Complaint" refers to Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 25) filed in this Action.

8.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.      "Defendants," as well as a Defendant's full or abbreviated name or a pronoun referring to a Defendant, refers to ASP Isotopes Inc. and Paul E. Mann, and, where applicable, ASPI's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd.

2

10.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

11.     "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

12.     "Identify" means, when referring to Documents, to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13.     "Identify" means, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14.     "Include," "included" and "including" shall be construed to mean "include, but not be limited to," "included, but not limited to," and "including, but not limited to."

15.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

16.     "Personnel" means all present and former employees, officers, directors, agents, consultants, contractors, or others working on behalf of another person.

17.     "Plaintiff," as well as Plaintiff's full or abbreviated name or a pronoun referring to Plaintiff, refers to lead plaintiff and Class representative Mark Leone.

3

18. "Relating to" means regarding, concerning, belonging to, relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, summarizing, embodying, or constituting.

19. "Relevant Period" means September 1, 2023 to December 31, 2024, inclusive, unless otherwise directed.

20. "You" or "Your," means the party responding to this request, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

## **INSTRUCTIONS**

1. All Interrogatories shall be construed pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of this Court, unless otherwise specified herein.

2. In answering the interrogatories set forth below, You are required to provide responsive information in Your possession, custody, or control, including, without limitation, information in the possession of Your attorneys or their investigators or in the possession of Your advisors, associates, agents, consultants, officers, or employees.

3. You shall respond to these interrogatories completely, based upon information that is known or reasonably obtainable upon investigation at the time your responses are served. When you do not know or cannot recall whether particular information exists, you shall state what efforts were made to ascertain its existence.

4. Pursuant to Fed. R. Civ. P. 26(e), these interrogatories are continuing in nature so that if you subsequently discover or obtain responsive information, you shall promptly supplement or amend the previous response, disclosing the subsequently discovered or obtained information. Each supplemental response shall be served on Plaintiff no later than 30 days after the discovery of the subsequently discovered or obtained information, and in no event shall any supplemental

4

response be served later than 30 days before the first day of trial, absent leave of court.

5. Wherever you assert that information is properly withheld on the grounds of evidentiary privilege or immunity from discovery, you shall state: (i) the general subject matter of the information with reasonable specificity; and (ii) an explanation of the privilege asserted consistent with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2. In addition, any such assertion of evidentiary privilege or immunity from discovery shall comply with the terms of any confidentiality order or discovery protocol entered by the Court in this Action.

6. Wherever you object that an interrogatory is overly broad, unduly burdensome, or oppressive, you shall state all facts demonstrating the nature of the burden.

7. The use of the singular form of any word includes the plural and vice versa.

8. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these interrogatories any information that might otherwise be construed to be outside their scope.

9. If you elect to refer to or produce documents in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), you shall identify such documents by control or bates number, and shall produce the records as they are kept in the usual course of business or, alternatively, shall organize and label them to correspond with the interrogatory.

## **RELEVANT PERIOD**

Unless otherwise directed, these interrogatories seek information relating to the period September 1, 2023 to December 31, 2024, inclusive (the "Relevant Period"). Your responses should reflect information relating to that entire period. Where Your responses relate to only a portion of the Relevant Period, indicate the date range(s) to which Your response relates.

## **INTERROGATORIES**

1.     Identify all persons with knowledge of information relevant to the subject matter of this Action.

2.     Identify all relevant documents, and other physical evidence or information of a similar nature, including by providing their custodians, locations, and general descriptions.

DATED: December 19, 2025                          **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Garth Spencer*
Garth Spencer (GS-7623)
Robert V. Prongay
John C. Roberts (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: gspencer@glancylaw.com
rprongay@glancylaw.com
jroberts@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

*Counsel for Plaintiff Mark Leone and the Class*

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2025, a copy of this document was served on all counsel of record by email.

*/s/ Garth Spencer*
Garth Spencer