# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ASP ISOTOPES INC., PAUL E. MANN, and HEATHER KIESSLING, <br><br> Defendants. | Case No. 1:24-cv-09253-CM |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Plaintiff Mark Leone, by and through his undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, hereby demands that Defendants (defined below) produce for inspection, by January 30, 2026, all Documents described below in accordance with the definitions and instructions that follow.

**DEFINITIONS**

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and corresponding Local Civil Rules are hereby incorporated and shall apply to these requests. These definitions shall apply throughout without regard to capitalization. As used in the Requests, the terms identified below are defined as follows:

1.      "Action" refers to the above-captioned case, *Leone v. ASP Isotopes Inc.*, Case No. 1:24-cv-09253-CM (S.D.N.Y.).

2.      "All," "Any," and "Each" shall each be construed as encompassing any and all.

3.    "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.    "ASPI" or the "Company" means Defendant ASP Isotopes Inc., and, where applicable, ASPI's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd.

5.    "Canaccord" means Canaccord Genuity LLC, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, including but not limited to George Gianarkis and Jennifer Pardi.

6.    "Class Period" means and refers to the period between September 26, 2024 and November 26, 2024, inclusive.

7.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.    "Compensation" means any remuneration, salary, bonuses, reimbursement, benefits, stock options and other stock-based incentives, restricted stock units, loans, non-monetary compensation (such an insurance or vehicles), perquisites, or any other form of compensation.

9.    "Complaint" refers to Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 25) filed in this Action.

10.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

11.    "Defendants," as well as a Defendant's full or abbreviated name or a pronoun referring to a Defendant, refers to ASP Isotopes Inc. and Paul E. Mann, and, where applicable,

2

ASPI's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd.

12.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13.     "Identify" means, when referring to documents, to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, you may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

14.     "Identify" means, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

15.     "Include," "included" and "including" shall be construed to mean "include, but not be limited to," "included, but not limited to," and "including, but not limited to."

16.     "Person" means and refers to any natural person or legal entity, including without limitation, any business or governmental entity or association.

17.     "Personnel" means employees, officers, directors, agents, consultants, contractors, or others working on behalf of another person.

18.     "Plaintiff," as well as Plaintiff's full or abbreviated name or a pronoun referring to Plaintiff, refers to lead plaintiff and Class representative Mark Leone.

19.    "Relating to" means regarding, concerning, belonging to, relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, summarizing, embodying, or constituting.

20.    "Relevant Period" means September 1, 2023 to December 31, 2024, inclusive, unless otherwise directed.

21.    "TerraPower" means TerraPower, LLC, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, including but not limited to Chris Levesque and Jeffrey Miller.

22.    "You" or "Your," means the party responding to this request, and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

## INSTRUCTIONS

1.    All Documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile, thereof, *i.e.*, Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved. All Documents maintained electronically shall be produced with their metadata in searchable form.

2.    In responding to these requests, you shall produce all responsive Documents (including those stored electronically), which are in your possession, custody, or control, or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.      Plaintiff reserves his right to request inspection of the original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.      If production of Documents is withheld on the ground of privilege, as to each such withheld document, state the following information, in addition to all information required by Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2:

(a)      which privilege is claimed;

(b)      who is asserting the privilege;

(c)      a precise statement of the facts upon which said privilege is based;

(d)      the following information describing each purportedly privileged document:

    i.      a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

    ii.      a brief description sufficient to identify its subject matter and purpose of the document;

    iii.      the date it was prepared;

    iv.      the date it bears;

    v.      the date it was sent;

    vi.      the date it was received;

    vii.      the identity of the person preparing it;

    viii.      the identity of the person sending it;

    ix.      the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

    x.      a statement as to whom each identified person represented or purported to represent at all relevant times;

xi.    all persons to whom its contents have been disclosed; and

xii.    a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

5.    If a portion of any document responsive to these requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6.    You are to produce each document requested herein in its entirety, without deletion or excision (except privilege redactions), regardless of whether you consider the entire document to be relevant or responsive to the requests.

7.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

8.    If a document responsive to these requests was at any time in your possession, custody, or control but is no longer available for production, as to each such document state the following information:

(a)    whether the document is missing or lost;

(b)    whether it has been destroyed;

(c)    whether the document has been transferred or delivered to another person and, if so, at whose request;

(d)    whether the document has been otherwise disposed of; and

(e)    a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

9.    With respect to any category of Documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection, and any analysis supporting the objection.

10.    If no Documents exist which are responsive to a particular request, state this assertion in writing.

11.    The use of the singular form of any word includes the plural and vice versa.

12.    Where documents or information responsive to any request exist in an electronically stored database format, Plaintiff requests to meet and confer with Defendants regarding the production format for such documents or information.

13.    These Document requests are continuing, and, pursuant to Fed. R. Civ. P. 26(e), to the extent that at any time after the production of Documents called for by this Document request, You become aware of or acquire additional Documents responsive to this Document request, such Documents shall be produced promptly up to the final resolution of this action, whether by trial or otherwise.

<u>**RELEVANT PERIOD**</u>

Unless otherwise directed, these requests seek Documents or Communications relating to the period September 1, 2023 to December 31, 2024, inclusive (the "Relevant Period"). Your responses should reflect Documents or Communications for that entire period, including any created, transmitted, modified, in effect, dated or prepared during the Relevant Period, or which refer or relate to events or facts occurring during the Relevant Period or otherwise relate to any portion of the Relevant Period. Where Your responses relate to only a portion of the Relevant Period, indicate the date range(s) to which Your response relates.

7

## PRODUCTION FORMAT AND PROCESSING SPECIFICATIONS

All documents, including electronically stored information and metadata, are to be produced in accord with the terms of any confidentiality order and/or discovery protocol entered by the Court in this Action, except as otherwise specifically provided in these requests.

## DOCUMENT REQUESTS

1.      All Documents and Communications relating to quantum enrichment of uranium or the use of lasers to enrich uranium.

2.      All Communications between ASPI or Defendant Mann and any prospective customers (including but not limited to TerraPower) or their Personnel relating to uranium enrichment, including any document or information requests to ASPI, and any documents or information provided to the prospective customers.

3.      All Communications between ASPI or Defendant Mann and Canaccord or its Personnel relating to uranium enrichment, including any document or information requests to ASPI, and any documents or information provided to Canaccord, including in connection with ASPI's stock offerings on or about July 15, 2024 and November 4, 2024 for which Canaccord served as sole underwriter and bookrunner.

4.      All Documents and Communications relating to Canaccord's analyst reports about ASPI.

5.      All Documents and Communications relating to ASPI's investor presentation slide deck dated September 2024, as filed on SEC EDGAR on September 26, 2024, including any drafts and any related communications.

8

6.      All Documents and Communications relating to the ASPI conference call hosted by the Emerging Growth Conference on September 26, 2024, including any transcripts and any drafts of prepared remarks and related communications.

7.      All Documents and Communications relating to George Gianarikas's October 17, 2024 interview with Yahoo! Finance in which he discussed ASPI's uranium enrichment technology.

8.      All Documents and Communications relating to the ASPI conference call hosted by the Emerging Growth Conference on October 30, 2024, including any transcripts and any drafts of prepared remarks and related communications.

9.      All Documents and Communications relating to the public offering price for ASPI's stock offering on or about November 4, 2024, and how that price was determined.

10.     All videos, audio, and transcripts of interviews, presentations, question and answer sessions, or similar spoken statements by Defendant Mann or ASPI, that were published by paid stock promotion services, including but not limited to the RedChip Companies Inc. event on or about November 14, 2024.

11.     All Documents and Communications relating to ASPI's RedChip Companies Inc. event on or about November 14, 2024, including any transcripts and any drafts of prepared remarks and related communications.

12.     All Documents and Communications relating to Viktor Petkov's interview with POWER magazine published on November 19, 2024, including any draft responses to the interviewer's questions and related communications.

9

13. All Documents and Communications relating to ASPI's revised investor presentation slide deck dated September 2024, published to ASPI's website on or about November 22, 2024, including any drafts and related communications.

14. All Documents and Communications relating to Fuzzy Panda Research or its report "ASP Isotopes (ASPI): Failed Tech + Paid Stock Promotion + 'Microcap Fraudsters' (Honig &Stetson) = Nuclear Meltdown," published on November 26, 2024.

15. All Documents and Communications relating to potential or actual responses by ASPI to the Fuzzy Panda Research report, including all drafts of such responses, and all information consulted in connection with the drafting of such responses.

16. All Documents and Communications relating to Defendant Mann's November 27, 2024 interview with Canaccord analyst George Gianarikas.

17. All Documents and Communications reflecting the names, identities, contact information, or other similar information, of persons who listened to or viewed Defendant Mann's interview with Canaccord analyst George Gianarikas on November 27, 2024, or reflecting the numbers of persons who viewed or listened to the interview on November 27, 2024.

18. All Documents and Communications relating to trading in ASPI's stock on November 26-27, 2024, or the declines in ASPI's stock price on those dates.

19. All Documents or Communications, including all drafts and non-final versions, and all exhibits or attachments thereto, relating to meetings of the Board of Directors of ASPI or the managers of Quantum Leap Energy LLC, including any committees and/or subcommittees, including but not limited to the agenda, minutes, resolutions, presentations, reports, notes, and other Documents provided to or reviewed by the Board, managers, or committee members in connection with meetings or resolutions.

20.    All Documents and Communications relating to ASPI's budgets and projected capital needs, revenues, expenses, losses, and sources of financing.

21.    All Documents and Communications relating to strategies or efforts to market ASPI's stock to potential investors.

22.    All Documents and Communications relating to ASPI's payment for and use of stock promotion services, including but not limited to those provided by RedChip Companies Inc. or the Emerging Growth Conference.

23.    All Documents or Communications relating to Compensation paid, payable, or under negotiation between Defendant Mann and ASPI, and any metrics, targets, or criteria for the award of such Compensation.

24.    All Documents and Communications relating to holdings of or transactions in stock, options, or other securities in ASPI, by Defendant Mann, including documents sufficient to show the dates, quantities, prices, and other terms of all purchases, sales, and awards of such securities.

25.    All Documents and Communications relating to use of stock, options, or other securities of ASPI as collateral or to guarantee any loan, financial commitment, or monetary obligation, by Defendant Mann that were executed or effective during the Class Period.

26.    All Documents and Communications relating to any expert testimony that will or may be offered by You at any proceeding in this Action, including any resumes, curriculum vitaes, engagement letters, reliance materials, reports, opinions, statements, communications, work papers, or any information considered or relied upon as a basis for any expert opinion. The Relevant Period for this request extends through the present.

11

27.    All Documents and Communications relating to any calculation of damages for any of the claims asserted in the Action. The Relevant Period for this request extends through the present.

28.    All Documents that form the basis of Your affirmative defenses, including any defenses set forth in your Answer. The Relevant Period for this request extends through the present.

29.    All insurance policies or indemnification agreements that may provide coverage to any Defendants for any claims asserted in this Action, may provide coverage to any Defendants in this Action to satisfy all or part of a possible judgment in this action, or that may provide reimbursement for payments made in defense of this action, including any Director and Officer (D&O) insurance policies. The Relevant Period for this request extends through the present.

30.    Documents sufficient to show ASPI's organizational structure, including any changes thereto, including, without limitation, descriptions of corporate functions, and employees and managers who staffed each function and descriptions of their responsibilities, and reporting lines to and from Defendant Mann.

31.    Documents sufficient to show all means Defendant Mann or any other ASPI Personnel used for work-related communications, including all electronic devices and software applications. This request specifically includes but is not limited to work-related communications on privately-owned electronic devices, as well as on private email, SMS, iMessage, WhatsApp, Signal, Telegram, or other accounts.

32.    All calendars and schedules maintained by or for Defendant Mann.

33.    All Documents and Communications reflecting names, identities, contact information, transaction information, or other similar information concerning purchasers of ASPI's publicly traded common stock during the Class Period.

Dated: December 19, 2025

**GLANCY PRONGAY & MURRAY LLP**

By: */s/  Garth Spencer*
Garth Spencer (GS-7623)
Robert V. Prongay
John C. Roberts (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: gspencer@glancylaw.com
rprongay@glancylaw.com
jroberts@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email:  glinkh@glancylaw.com

*Counsel for Plaintiff Mark Leone and the Class*

13

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2025, a copy of this document was served on all counsel of record by email.

*/s/ Garth Spencer*
Garth Spencer