# Exhibit 4

**UNITED STATES U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ASP ISOTOPES INC. and PAUL E. MANN,<br><br>    Defendants. | C.A No. 1:24-cv-9253-CM |

**DEFENDANTS ASP ISOTOPES INC.'S AND**
**PAUL E. MANN'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants ASP Isotopes Inc. ("ASPI") and Paul E. Mann ("Mann") (collectively, "Defendants"), by and through their attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby respond to Plaintiff's First Set of Interrogatories (the "Interrogatories" and each individual request therein an "Interrogatory") as set forth below. Similarly, Defendants reserve the right to amend or supplement these responses in the future in accordance with Fed. R. Civ. P. 26(e)(1) as may be necessary or appropriate.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every Interrogatory and should be considered part of Defendants' response(s) to each and every Interrogatory below to the extent applicable.

1.    The following responses and objections are based on Defendants' present knowledge, information, and belief. Defendants reserve the right to amend, revise, correct, supplement, or clarify any of the responses and objections contained herein.

2.    The responses to the Interrogatories are made subject to and without waiver of: (a) all questions as to the admissibility as evidence of the responses made, any documents produced

or to which reference is made or the subject matter of such documents; (b) the right to object to other discovery directed to the subject matter of the Interrogatories or the responses; and (c) the right to make additional objections and seek protective orders.

3.　　By providing responses to the Interrogatories, Defendants do not concede that any documents responsive to any Interrogatory exist.

4.　　Defendants object to the Interrogatories—including the instructions and definitions contained therein—to the extent they impose obligations on Defendants greater than or inconsistent with those provided for in the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, the Court's rules, or any case management or scheduling order entered by the Court.

5.　　Defendants object to the Interrogatories—including the instructions and definitions contained therein—to the extent they are vague, ambiguous, use undefined terms, or otherwise fail to specify with sufficient particularity the nature of the documents or information sought.

6.　　Defendants object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protective doctrine. Any inadvertent disclosure of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Defendants' right to object to the requesting party's retention and/or use of any such information. Defendants expressly reserve the right to seek return of such information or to object to the use or introduction of such information.

7.　　Defendants object to each Interrogatory to the extent it seeks the production of documents or information that Defendants are prohibited from disclosing by contract, agreement,

order, statute, rule, regulation, or law, including but not limited to domestic and international statutes, rules, regulations, and laws governing non-public uranium enrichment technology (hereinafter "Nuclear Technology Laws"). *See, e.g.*, 42 U.S.C. §§ 2014(y), 2163, 2165; 10 C.F.R. §§ 810.3, 810.7(c)(1); Nuclear Energy Act 46 of 199 (S. Afr.).

8.    Defendants object to each Interrogatory to the extent it seeks information that has already been provided to Plaintiff or information that is equally available to Plaintiff, including, but not limited to: (i) because the information sought is publicly available or available from other parties; (ii) because the information sought is unreasonably cumulative or duplicative; or (iii) because the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.    Defendants object to each Interrogatory to the extent it seeks information that is classified, confidential, non-public, proprietary, of a personal nature, a trade secret, prohibited from disclosure by law, or otherwise commercially sensitive information.

10.    Defendants object to each Interrogatory to the extent it assumes disputed facts or legal conclusions. Defendants hereby deny any such disputed facts or legal conclusions. Any response provided by Defendants with respect to any such Interrogatory is without prejudice to this objection and Defendants do not, by responding to any Interrogatory, adopt or agree with such disputed facts or legal conclusions.

11.    Defendants object to all terms defined in the Interrogatories that are not used in the Interrogatories and reserves the right to further object more specifically to any such definition at such time as that term is actually referenced in a particular Interrogatory.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

12.    Defendants object to the definitions of "ASPI" and the "Company" to the extent they include "ASPI's . . . partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd." as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe "ASPI" and the "Company" to refer only to ASP Isotopes Inc. and its current officers, directors, and employees.

13.    Defendants object to the definition of "Personnel" to the extent it includes "all present and former employees, officers, directors, agents, consultants, contractors, or others working on behalf of another person" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of its Responses, Defendants construe this term to refer only to ASP Isotopes Inc.'s current officers, directors, and employees.

14.    Defendants object to Plaintiff's definition of "Relating to" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe this term consistent with the definition of "concerning" set forth at Local Civil Rule 26.3(c)(7).

15.    Defendants object to the Definitions of "You" and "Your" to the extent they include "partners, corporate parent, subsidiaries, or affiliates" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe these terms to refer only to ASP Isotopes Inc. and its current officers, directors, and employees.

16.    Defendants object to the Instructions to the extent they direct Defendants to "state *all* facts demonstrating the nature of the burden" wherever Defendants "object that an [I]nterrogatory is overly broad, unduly burdensome, or oppressive[.]" This Instruction itself is

overly broad, unduly burdensome, and disproportionate to the needs of this case insofar as it demands disclosure of "all facts" without limitation.

## OBJECTION TO RELEVANT TIME PERIOD

17.     Defendants object to the "Relevant Time Period" proposed by Plaintiff—"September 1, 2023 to December 31, 2024, inclusive"—on the grounds that it is not proportionate to the needs of the case and requests information that is not relevant to the claims and/or defenses at issue in the instant litigation. Subject to and without waiving these objections, for purposes of responding to these Interrogatories, Defendants will restrict its answers to September 15, 2024 to November 30, 2024, inclusive.

18.     Subject to and without waiving these General Objections, Defendants submit the following Responses and Objections to the Interrogatories.

**Interrogatory No. 1:  Identify all persons with knowledge of information relevant to the subject matter of this Action.**

**RESPONSE:**

- Defendants will respond to this Interrogatory based on information currently available from their reasonable investigation and discovery to date. Defendants reserve the right to supplement their response should additional responsive information later become available.

- In addition to and without waiving the foregoing General Objections, Defendants object to this Interrogatory as follows:

- Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendants are not currently withholding any information responsive to this Interrogatory on the grounds of privilege but reserve the right to assert such privilege should additional discovery identify privileged information.

- Defendants object to this Interrogatory as vague and ambiguous because the terms "knowledge" and "subject matter" are undefined and capable of multiple meanings and interpretations and therefore purport to impose an obligation on Defendants to ascertain the intended meaning or scope of this Interrogatory.

- Defendants object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case on the grounds that it seeks identification of "all persons with knowledge of information relevant to the subject matter of this Action," regardless of whether that "knowledge" is relevant to the claims and defenses at issue or whether such "knowledge" is unique and non-cumulative.

- Defendants object to this Interrogatory to the extent it seeks the identification of persons not within Defendants' custody or control, including but not limited to the fact that they work for a subsidiary of ASPI.

- Subject to and without waiving the foregoing objections, Defendants identify the following as persons with knowledge of information relevant to the subject matter of this Action:

| Full Name | Title | Address |
|---|---|---|
| Paul E. Mann | Chairman of the Board, Chief Executive Officer | To be contacted only through counsel for ASPI |
| Robert Ainscow | Chief Operating Officer | To be contacted only through counsel for ASPI |
| Heather Kiessling | Chief Financial Officer | To be contacted only through counsel for ASPI |

| Viktor Petkov | Chief Commercial Officer | To be contacted only through counsel for ASPI |
| Jason Assad | Investor Relations | To be contacted only through counsel for ASPI |

Defendants further state that additional persons who may have knowledge of information relevant to the subject matter of this Action may be determined by examining organizational charts which will be produced in response to Plaintiff's First Set of Requests for Production of Documents and Electronically Stored Information. Defendants further refer to those individuals that Plaintiff has sought as document custodians, without waiver of Defendants' position that certain of those proposed custodians are not appropriate for inclusion in Defendants' custodial searches, collections and productions.

**Interrogatory No. 2:   Identify all relevant documents, and other physical evidence or information of a similar nature, including by providing their custodians, locations, and general descriptions.**

**RESPONSE:**

- Defendants will respond to this Interrogatory based on information currently available from their reasonable investigation and discovery to date. Defendants reserve the right to supplement their response should additional responsive information later become available.

- In addition to and without waiving the foregoing General Objections, Defendants object to this Interrogatory as follows:

- Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendants are not currently withholding any information responsive to this Interrogatory on the grounds of privilege but reserve the right to assert such privilege should additional discovery identify privileged information.

- Defendants object to this Interrogatory as vague and ambiguous because the phrases "other physical evidence" and "similar nature" are undefined and capable of multiple meanings and interpretations and therefore purport to impose an obligation on Defendants to ascertain the intended meaning or scope of this Interrogatory.

- Defendants object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case on the grounds that it seeks identification of "all relevant documents" regardless of whether such documents are relevant to the claims and defenses at issue.

- Defendants object to this Interrogatory to the extent it seeks the identification of relevant documents not within Defendants' custody or control, including but not limited to the fact that such documents are in the custody and control of a subsidiary of ASPI.

- Subject to and without waiving the foregoing objections, Defendants respond as follows: based on a reasonable investigation to date, Defendants identify the following sources that may contain relevant documents:

  o **Custodial Sources** including email and OneDrive data from the Microsoft O365 environment; as well as WhatsApp messages housed on personal mobile devices. The parties' negotiation of custodians is ongoing and Defendants refer to those negotiations for the identification of custodians.

  o **Non-Custodial-Specific Electronic Sources** including shared drives, i.e., centralized electronic repositories used to store, organize and share documents and data across multiple users.

  o **Physical Sources**
    - Documents which describe non-public enrichment technology appropriate for uranium are located on secure servers and in offices appropriate for the protection and storage of Classified Information and Sensitive Nuclear Technology in South Africa. Defendants are investigating whether this information is relevant and non-duplicative and the legal and physical barriers to collection and production.
    - By way of further response: in the United States, the federal government categorizes uranium enrichment technology as "Restricted Data," a defined term in the Atomic Energy Act of 1954, as amended. *See* 42 U.S.C. § 2014(y). Restricted Data is a category of "Classified Information," access to which requires a (1) personnel security clearance, (2) a need-to-know, and (3) access to a location where the Classified Information is stored that itself has been issued a facility security clearance by the federal government. *See id.* §§ 2163, 2165. Some aspects of uranium enrichment technology that do not rise to the level of Restricted Data/Classified Information are nonetheless designated "Sensitive Nuclear Technology" and are strictly controlled for export. *See, e.g.,* 10 C.F.R. § 810.3 (defining "Sensitive Nuclear Technology" as "any information (including information incorporated in a production or utilization facility or important component part thereof) which is not available to the public . . . and which is important to the design, construction, fabrication, operation, or maintenance of a uranium enrichment or nuclear fuel reprocessing facility . . . but shall not include Restricted Data[.]"); 10 C.F.R. § 810.7(c)(1) (requiring a specific authorization issued by the Secretary of the Department of Energy before sharing Sensitive Nuclear Technology with any Foreign National, whether located in the U.S. or outside the U.S.). Very similar treatment exists in South Africa. *See generally* Nuclear Energy Act 46 of 1999.

-8-

- In this case, this high level of protection is required because prior iterations of the aerodynamic separation process (ASP) technology were used to enrich uranium for South Africa's nuclear weapons program, and prior iterations of the quantum enrichment (QE) technology were used to enrich uranium in the United States.

Dated: January 30, 2026                         MORGAN, LEWIS & BOCKIUS LLP


By: */s/ Laura Hughes McNally*
    Laura Hughes McNally
    Karen Pieslak Pohlmann
    2222 Market Street
    Philadelphia, PA 19103
    (215) 963-5000
    laura.mcnally@morganlewis.com
    karen.pohlmann@morganlewis.com

    Michael D. Blanchard
    Christopher M. Wasil
    One State Street
    Hartford, CT 06103
    (860) 240-2700
    michael.blanchard@morganlewis.com
    christopher.wasil@morganlewis.com

    Brian A. Herman
    101 Park Avenue
    New York, NY 10178
    (212) 309-6000
    brian.herman@morganlewis.com

    *Attorneys for Defendants ASP Isotopes Inc.*
    *and Paul E. Mann*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Donald Ainscow, as General Counsel and Secretary of

ASP Isotopes Inc., verify under penalty of perjury that the foregoing Answers to Plaintiff's First

Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Signed by:

*Donald Ainscow*

0DB8DA40CCC7430

Donald G. Ainscow

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2026, a copy of this document was served on all counsel of record by email.

/s/ Laura Hughes McNally
Laura Hughes McNally