# Exhibit 5

**UNITED STATES U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARK LEONE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ASP ISOTOPES INC. and PAUL E. MANN,<br><br>    Defendants. | C.A. No. 1:24-cv-9253-CM |

**DEFENDANTS ASP ISOTOPES INC.'S AND**
**PAUL E. MANN'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants ASP Isotopes Inc. ("ASPI") and Paul E. Mann ("Mann") (collectively, "Defendants"), by and through their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby object and respond to Plaintiff's First Set of Requests for Production of Documents and Electronically Stored Information (the "Requests," and each individual request therein, a "Request") as set forth below. Similarly, Defendants reserve the right to amend or supplement these responses in the future in accordance with Fed. R. Civ. P. 26(e)(1) as may be necessary or appropriate.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every Request and should be considered part of Defendants' response(s) to each and every Request below to the extent applicable.

1. Defendants object to each Request to the extent it imposes obligations on Defendants greater than or inconsistent with those provided for in the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, the Court's rules, or any case management or scheduling order entered by the Court.

2.      Defendants object to each Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protective doctrine. Any inadvertent disclosure of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Defendants' right to object to the requesting party's retention and/or use of any such information or documents.

3.      Defendants object to each Request to the extent it seeks the production of documents or information that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to domestic and international statutes, rules, regulations, and laws governing non-public uranium enrichment technology (hereinafter "Nuclear Technology Laws"). *See, e.g.*, 42 U.S.C. §§ 2014(y), 2163, 2165; 10 C.F.R. §§ 810.3, 810.7(c)(1); Nuclear Energy Act 46 of 199 (S. Afr.).

4.      Defendants object to each Request to the extent it seeks documents not within Defendants' present possession, custody, or control.

5.      Defendants object to each Request to the extent it seeks information and documents that have already been provided to Plaintiff, or information and documents that are equally available to Plaintiff, including, but not limited to, (i) because the discovery sought is publicly available or available from other parties; (ii) because the discovery sought is unreasonably cumulative or duplicative; or (iii) because the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

6.      Defendants object to each Request to the extent it seeks documents that are not relevant to the claims or defenses of a party.

7. Defendants object to each Request to the extent it seeks documents that are not proportional to the needs of this case, unduly burdensome, or because the burden or expense of the requested discovery outweighs its likely benefit.

8. Defendants object to each Request as vague, ambiguous, and lacking particularity to the extent it contains undefined terms.

9. Defendants object to each Request to the extent it assumes disputed facts or legal conclusions. Defendants hereby deny any such disputed facts or legal conclusions. Any responses provided by Defendants with respect to any such Request are without prejudice to this objection, and Defendants do not, by responding to any Request, adopt or agree with such disputed facts or legal conclusions.

10. Defendants object to each Request to the extent it seeks information and documents from a period of time that is overly broad.

11. Defendants object to each Request to the extent that it seeks highly personal information that is protected by privacy laws.

12. Defendants reserve the right to amend and/or supplement their responses and objections contained herein.

13. Defendants reserve the right to raise objections at trial regarding the admissibility of any information and/or documents that they provide or agree to provide.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

14. Defendants object to all capitalized terms used in the Requests that are not defined in the Requests and reserve the right to further object more specifically to any such definition at such time as that term is actually defined.

15. Defendants object to the definitions of "ASPI" or the "Company" to the extent they include "ASPI's . . . partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd." as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe "ASPI" or the "Company" to refer only to ASP Isotopes Inc. and its current officers, directors, and employees.

16. Defendants object to the definition of "Canaccord" to the extent it includes "Canaccord Genuity LLC['s] . . . officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, including but not limited to George Gianarikas and Jennifer Pardi" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe "Canaccord" to refer only to Canaccord Genuity LLC's officers, directors, and employees, including but not limited to George Gianarikas and Jennifer Pardi.

17. Defendants object to the definition of "Defendants" to the extent it includes "ASPI's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, including but not limited to Quantum Leap Energy LLC and Klydon Proprietary Ltd." as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe "Defendants" to refer only to ASP Isotopes Inc. and its current officers, directors, and employees.

18. Defendants object to the definition of "Personnel" to the extent it includes "all present and former employees, officers, directors, agents, consultants, contractors, or others working on behalf of another person" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe "Personnel" to refer only to "present and former employees."

-4-

19.     Defendants object to Plaintiff's definition of "Relating to" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe this term consistent with the definition of "concerning" set forth at Local Civil Rule 26.3(c)(7).

20.     Defendants object to the Definition of "Relevant Period" on the grounds that it is not proportionate to the needs of the case and requests information that is not relevant to the claims and/or defenses at issue in the instant litigation.  The parties' negotiations regarding the relevant time period for documents is ongoing.

21.     Defendants object to the definition of "TerraPower" to the extent it includes "TerraPower['s] . . . officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, including but not limited to Chris Levesque and Jeffrey Miller" as overly broad, vague, ambiguous, and unduly burdensome.  For purposes of their Responses, Defendants construe "TerraPower" to refer only to TerraPower's officers, directors, and employees, including but not limited to George Gianarikas and Jennifer Pardi.

22.     Defendants object to the Definitions of "You" and "Your" to the extent they include "partners, corporate parent, subsidiaries, or affiliates" as overly broad, vague, ambiguous, and unduly burdensome. For purposes of their Responses, Defendants construe these terms to refer only to ASP Isotopes Inc. and its current officers, directors, and employees.

### OBJECTION TO RELEVANT TIME PERIOD

Defendants object to the "Relevant Period" proposed by Plaintiff—"September 1, 2023 to December 31, 2024, inclusive"—on the grounds that it is not proportionate to the needs of the case and requests information that is not relevant to the claims and/or defenses at issue in the instant litigation. The parties' negotiations regarding the relevant time period for documents is ongoing.

### SPECIFIC OBJECTIONS AND
### RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1:  All Documents and Communications relating to quantum enrichment of uranium or the use of lasers to enrich uranium.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, that are in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 2:  All Communications between ASPI or Defendant Mann and any prospective customers (including but not limited to TerraPower) or their Personnel relating to uranium enrichment, including any document or information requests to ASPI, and any documents or information provided to the prospective customers.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request as vague, ambiguous, and possibly seeking irrelevant documents because the term "prospective customers" is capable of multiple meanings and interpretations and therefore purports to impose an obligation on Defendants to ascertain the intended meaning or scope of this Request.

Subject to and without waiving these objections, Defendants are willing to meet and confer regarding this Request.

**Request No. 3:  All Communications between ASPI or Defendant Mann and Canaccord or its Personnel relating to uranium enrichment, including any document or information requests to ASPI, and any documents or information provided to Canaccord, including in connection with ASPI's stock offerings on or about July 15, 2024 and November 4, 2024 for which Canaccord served as sole underwriter and bookrunner.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.  Defendants further object to this Request to the extent it seeks documents related to the July 15, 2024 offering, which is not relevant to Plaintiff's claims.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 4:  All Documents and Communications relating to Canaccord's analyst reports about ASPI.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.  Defendants further object to this Request to the extent it is duplicative of Request No. 3.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 5:  All Documents and Communications relating to ASPI's investor presentation slide deck dated September 2024, as filed on SEC EDGAR on September 26, 2024, including any drafts and any related communications.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 6:  All Documents and Communications relating to the ASPI conference call hosted by the Emerging Growth Conference on September 26, 2024, including any transcripts and any drafts of prepared remarks and related communications.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

-8-

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 7: All Documents and Communications relating to George Gianarikas's October 17, 2024 interview with Yahoo! Finance in which he discussed ASPI's uranium enrichment technology.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws. Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 8: All Documents and Communications relating to the ASPI conference call hosted by the Emerging Growth Conference on October 30, 2024, including any transcripts and any drafts of prepared remarks and related communications.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws. Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 9:  All Documents and Communications relating to the public offering price for ASPI's stock offering on or about November 4, 2024, and how that price was determined.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 10:  All videos, audio, and transcripts of interviews, presentations, question and answer sessions, or similar spoken statements by Defendant Mann or ASPI, that were published by paid stock promotion services, including but not limited to the RedChip Companies Inc. event on or about November 14, 2024.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.  Defendants further object to this Request to the extent it seeks "videos, audio, and transcripts" related to "the RedChip Companies Inc. event on or about November 14, 2024," as said event is not relevant to Plaintiff's

claims.  By way of further response, the Complaint neither references "the RedChip Companies event on or about November 14, 2024," nor challenges statements made at said event.

Subject to and without waiving these objections, Defendants are willing to meet and confer regarding the scope of this Request.

**Request No. 11:  All Documents and Communications relating to ASPI's RedChip Companies Inc. event on or about November 14, 2024, including any transcripts and any drafts of prepared remarks and related communications.**

**RESPONSE:**
Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.  Defendants further object to this Request as duplicative of Request No. 10.  Defendants further object to this Request because it seeks documents and communications relating to "the RedChip Companies Inc. event on or about November 14, 2024," as said event is not relevant to Plaintiff's claims.  By way of further response, the Complaint neither references "the RedChip Companies event on or about November 14, 2024," nor challenges statements made at said event.

Subject to and without waiving these objections, Defendants are willing to meet and confer regarding this Request.

**Request No. 12:  All Documents and Communications relating to Viktor Petkov's interview with POWER magazine published on November 19, 2024, including any draft responses to the interviewer's questions and related communications.**

**RESPONSE:**
Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation,

or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this

Request to the extent it seeks documents that are protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged,

responsive documents, if any, in their possession, custody, or control, not subject to legal

restrictions on disclosure, and located after a reasonable search.

**Request No. 13:  All Documents and Communications relating to ASPI's revised investor presentation slide deck dated September 2024, published to ASPI's website on or about November 22, 2024, including any drafts and related communications.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that

Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation,

or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this

Request to the extent it seeks documents that are protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged,

responsive documents, if any, in their possession, custody, or control, not subject to legal

restrictions on disclosure, and located after a reasonable search.

**Request No. 14:  All Documents and Communications relating to Fuzzy Panda Research or its report "ASP Isotopes (ASPI): Failed Tech + Paid Stock Promotion + 'Microcap Fraudsters' (Honig &Stetson) = Nuclear Meltdown," published on November 26, 2024.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that

Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation,

or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this

Request to the extent it seeks documents that are protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 15:   All Documents and Communications relating to potential or actual responses by ASPI to the Fuzzy Panda Research report, including all drafts of such responses, and all information consulted in connection with the drafting of such responses.**

**RESPONSE:**
Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 16:   All Documents and Communications relating to Defendant Mann's November 27, 2024 interview with Canaccord analyst George Gianarikas.**

**RESPONSE:**
Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 17:   All Documents and Communications reflecting the names, identities, contact information, or other similar information, of persons who listened to or viewed Defendant Mann's interview with Canaccord analyst George Gianarikas on November 27, 2024, or reflecting the numbers of persons who viewed or listened to the interview on November 27, 2024.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control, and/or documents that are already in Plaintiff's possession or that are equally available to Plaintiff from other sources.

Subject to and without waiving this objection, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 18:  All Documents and Communications relating to trading in ASPI's stock on November 26-27, 2024, or the declines in ASPI's stock price on those dates.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 19:** **All Documents or Communications, including all drafts and non-final versions, and all exhibits or attachments thereto, relating to meetings of the Board of Directors of ASPI or the managers of Quantum Leap Energy LLC, including any committees and/or subcommittees, including but not limited to the agenda, minutes, resolutions, presentations, reports, notes, and other Documents provided to or reviewed by the Board, managers, or committee members in connection with meetings or resolutions.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws. Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Defendants further object to this Request to the extent it seeks documents not within Defendants' custody or control, including but not limited to the fact that such documents are in the custody and control of a subsidiary of ASPI. Defendants further object to this Request to the extent it seeks all board and committee documents for ASPI and Quantum Leap Energy LLC without regard to whether they contain information relevant to the claims and issues in this action.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, final ASPI board minutes, and materials that are otherwise responsive to categories of documents requested herein, which are not subject to legal restrictions on disclosure, and which can be located after a reasonable search.

**Request No. 20:** **All Documents and Communications relating to ASPI's budgets and projected capital needs, revenues, expenses, losses, and sources of financing.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws. Defendants further object to this

Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine. Defendants further object to this Request as vague and ambiguous because the terms "budgets" and "sources of financing" are capable of multiple meanings and interpretations and therefore purport to impose an obligation on Defendants to ascertain the intended meaning or scope of this Request.

Subject to and without waiving these objections, Defendants are willing to meet and confer regarding the scope of this Request.

**Request No. 21:  All Documents and Communications relating to strategies or efforts to market ASPI's stock to potential investors.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 22:  All Documents and Communications relating to ASPI's payment for and use of stock promotion services, including but not limited to those provided by RedChip Companies Inc. or the Emerging Growth Conference.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged,

responsive documents, if any, in their possession, custody, or control, not subject to legal

restrictions on disclosure, and located after a reasonable search.

**Request No. 23:  All Documents or Communications relating to Compensation paid, payable, or under negotiation between Defendant Mann and ASPI, and any metrics, targets, or criteria for the award of such Compensation.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that

Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation,

or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this

Request to the extent it seeks documents that are protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or protective doctrine.  Defendants further

object to this Request as overly broad to the extent it seeks "Documents and Communications

relating to Compensation" other than Defendant Mann's holdings in stock, options, or other

securities in ASPI.

Subject to and without waiving these objections, Defendants will produce non-privileged,

responsive documents, if any, in their possession, custody, or control, not subject to legal

restrictions on disclosure, and located after a reasonable search, to the extent such documents are

responsive to Request No. 24.

**Request No. 24:  All Documents and Communications relating to holdings of or transactions in stock, options, or other securities in ASPI, by Defendant Mann, including documents sufficient to show the dates, quantities, prices, and other terms of all purchases, sales, and awards of such securities.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that

Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation,

or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 25:  All Documents and Communications relating to use of stock, options, or other securities of ASPI as collateral or to guarantee any loan, financial commitment, or monetary obligation, by Defendant Mann that were executed or effective during the Class Period.**

**RESPONSE:**
Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 26:  All Documents and Communications relating to any expert testimony that will or may be offered by You at any proceeding in this Action, including any resumes, curriculum vitaes, engagement letters, reliance materials, reports, opinions, statements, communications, work papers, or any information considered or relied upon as a basis for any expert opinion. The Relevant Period for this request extends through the present.**

**RESPONSE:**
Defendants object to this Request to the extent it prematurely calls for expert analysis. Defendants further object to this Request to the extent it seeks documents that are protected by the

attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents in accordance with the discovery and pretrial deadlines that have been set by the Court—*see* Jan. 8, 2026 Minute Entry.

**Request No. 27: All Documents and Communications relating to any calculation of damages for any of the claims asserted in the Action. The Relevant Period for this request extends through the present.**

**RESPONSE:**
Defendants object to this Request to the extent it prematurely calls for expert analysis. Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protective doctrine.

Subject to and without waiving these objections, Defendants will produce non-privileged, responsive documents in accordance with the discovery and pretrial deadlines that have been set by the Court—*see* Jan. 8, 2026 Minute Entry.

**Request No. 28: All Documents that form the basis of Your affirmative defenses, including any defenses set forth in your Answer. The Relevant Period for this request extends through the present.**

**RESPONSE:**
Defendants object to this Request to the extent that it seeks information that is privileged, including under the attorney work-product doctrine and attorney-client privilege.

Subject to and without waiving this objection, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 29:  All insurance policies or indemnification agreements that may provide coverage to any Defendants for any claims asserted in this Action, may provide coverage to any Defendants in this Action to satisfy all or part of a possible judgment in this action, or that may provide reimbursement for payments made in defense of this action, including any Director and Officer (D&O) insurance policies. The Relevant Period for this request extends through the present.**

**RESPONSE:**

Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 30:  Documents sufficient to show ASPI's organizational structure, including any changes thereto, including, without limitation, descriptions of corporate functions, and employees and managers who staffed each function and descriptions of their responsibilities, and reporting lines to and from Defendant Mann.**

**RESPONSE:**

Defendants object to this Request as vague and ambiguous because the terms "organizational structure," "corporate functions," and "reporting lines" are capable of multiple meanings and interpretations and therefore purport to impose an obligation on Defendants to ascertain the intended meaning or scope of this Request.

Subject to and without waiving this objection, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

**Request No. 31:  Documents sufficient to show all means Defendant Mann or any other ASPI Personnel used for work-related communications, including all electronic devices and software applications. This request specifically includes but is not limited to work-related communications on privately-owned electronic devices, as well as on private email, SMS, iMessage, WhatsApp, Signal, Telegram, or other accounts.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks the production of documents that Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law, including but not limited to Nuclear Technology Laws.  Defendants further object to this

Request as overly broad because it seeks documents related to "any other ASPI Personnel" with no meaningful limitation based on any notion of relevance to the claims and defenses at issue in this case.

Subject to and without waiving this objection, Defendants refer Plaintiff to their Interrogatory Response Number 2.

**Request No. 32: All calendars and schedules maintained by or for Defendant Mann.**

**RESPONSE:**

Defendants object to this Request as overly broad because it seeks "*[a]ll* calendars and schedules maintained by or for by Defendant Mann" with no meaningful limitation based on any notion of relevance to the claims and defenses at issue in this case.

Subject to and without waiving this objection, Defendants are willing to produce calendar entries for meetings responsive to agreed-upon Requests.

**Request No. 33: All Documents and Communications reflecting names, identities, contact information, transaction information, or other similar information concerning purchasers of ASPI's publicly traded common stock during the Class Period.**

**RESPONSE:**

Defendants object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control, and/or documents that are already in Plaintiff's possession or that are equally available to Plaintiff from other sources.

Subject to and without waiving this objection, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control, not subject to legal restrictions on disclosure, and located after a reasonable search.

Dated: January 30, 2026          MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Laura Hughes McNally*

Laura Hughes McNally
Karen Pieslak Pohlmann
2222 Market Street
Philadelphia, PA  19103
(215) 963-5000
laura.mcnally@morganlewis.com
karen.pohlmann@morganlewis.com

Michael D. Blanchard
Christopher M. Wasil
One State Street
Hartford, CT  06103
(860) 240-2700
michael.blanchard@morganlewis.com
christopher.wasil@morganlewis.com

Brian A. Herman
101 Park Avenue
New York, NY  10178
(212) 309-6000
brian.herman@morganlewis.com

*Attorneys for Defendants ASP Isotopes Inc.
and Paul E. Mann*

## CERTIFICATE OF SERVICE

I certify that on January 30, 2026, a copy of this document was served on all counsel of record by email.

/s/ Laura Hughes McNally
Laura Hughes McNally